UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BRICE BENNETT,                           :
                                         :
        Plaintiff                 :
                                         :
   v.                                    : CIVIL NO. 3:CV-14-0358
                                         :
MARY SABOL, et al.,                      : (Judge Kosik)
                                         :
        Defendants                :

## MEMORANDUM

Plaintiff, Brice Bennett, filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges incidents occurring while he was confined at the York County Prison ("YCP"), Pennsylvania. Named as defendants are the following: Mary Sabol, YCP Warden; Patricia Bennett, R.N., H.S.A.; York County Prison Board; Donald L. Reihart, YCP Board Solicitor; YCP Deputy Warden Doll; and Correctional Officer Graff. In construing the complaint liberally, Bennett appears to set forth claims of inadequate medical care for his diabetic condition, retaliation for filing grievances, assault, and false medical records.

## I.    Background

Plaintiff states that he is an insulin-dependent diabetic. While confined at the York County Prison, he alleges that he was denied medical attention for a period of four (4) months when his condition was not monitored, and he was not provided with

prescribed insulin.  (Doc. 1, Compl. at 2-3.)  He claims that he was subjected to handcuffs and shackles, and further alleges that he suffers from Hepatitis C and back problems.  (Id. at 3.)  He does not specifically allege the denial of treatment for those conditions.

Plaintiff further claims that he was confined in his cell in retaliation for filing grievances in 2012-2013, and that false statements have been placed in his medical records.  He claims that on January 20, 2012, Correctional Officer Graff attacked him, but that he ended up being placed in suicide watch for four (4) days.  Plaintiff alleges that Defendants Doll and Bennett engaged in trickery to cover up the foregoing and have tried to convince Plaintiff that he is the problem.  (Id.)

The complaint further includes vague allegations challenging Plaintiff's underlying criminal conviction on theft charges.  He believes that he was "railroaded" and seeks to be cleared of the charges.  (Id. at 5.)  He also appears to include challenges to conduct occurring at the State Correctional Institution at Camp Hill, Plaintiff's place of confinement at the time he filed the instant action.  These claims include the lack of library passes and delayed mail.

On the face of the complaint, Plaintiff states that he has not exhausted his claims because he has been transferred from the York County Prison, he is in need of counsel, and he is fearful of retaliation.  (Id. at 2.)  He seeks monetary damages.

Since the filing of the complaint, Plaintiff has filed two motions seeking the

2

appointment of counsel. (Docs. 37, 44.) He has also filed a document entitled "Petition for Extension/T.R.O." (Doc. 41.) Motions to dismiss the complaint have been filed by Defendant Bennett (Doc. 38) and the remaining Defendants (Doc. 42).

Plaintiff has not filed opposition to the motions to dismiss. Rather, he has filed documents labeled as "Additional Declaration to Amend Complaint" (Doc. 46), "Leave to Supplement Complaint/Amend Complaint" (Doc. 49); "Supplement Complaint" (Doc. 50), and "Amend and Supplement Complaint Additional Information" (Doc. 56). The court will now address the motions pending on the docket.

**II.     Discussion**

A.     Motions for counsel

In his first motion for counsel, Plaintiff claims that: (1) he is unable to afford an attorney; (2) he is limited by his confinement; (3) the issues involved are complex; (4) significant research will be involved; (5) he has limited knowledge of the law; and (6) a trial is likely. (Doc. 37). He basically reasserts these same grounds in his second motion, however adds that he has limited access to the law library and that he has been unsuccessful in attempting to secure a lawyer. (Doc. 44.)

There is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001). Congress has granted district courts the discretion to "request an attorney to represent any person unable to

3

afford counsel." 28 U.S.C. § 1915(e)(1)(Noting that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is "discretionary").  A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S.C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis.  Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499.  Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of these motions, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

>    1. The plaintiff's ability to present his or her own case;
>
>    2. The difficulty of the particular legal issues;
>
>    3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
>    4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
>    5. The extent to which a case is likely to turn on credibility determinations; and
>
>    6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motions fail to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. While portions of the pleadings submitted by Plaintiff thus far are confusing to follow, his documents do reveal that he is literate and capable of providing details with respect to the claims he wishes to pursue. Moreover, the legal issues involved are not complicated. The docket reveals that Plaintiff is able to draft and submit motions, such as requests to amend/supplement his complaint, and it cannot be said, at least at this point, that he will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. While Plaintiff's access to the law library may be limited, he does not contend that he is denied access to the library and legal materials. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this

action, weigh against the appointment of counsel.  His pending motions for counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

   B.   Motion for Extension/T.R.O.

On January 29, 2015, Plaintiff filed a document wherein he seeks an overall enlargement of time in the above matter, as well as two other cases he filed in this court.[1] In support of his request, he states that he is in need of counsel and suffers from mental, physical and emotional impairments.  He also believes that individuals at the State Correctional Institution at Frackville, his current place of confinement, may be trying to sabotage his claims.

Plaintiff's motion will be denied for the following reasons.  To the extent an enlargement is sought while Plaintiff attempts to seek counsel, the court has ruled on his request and denied the appointment of counsel at this time.  Moreover, two of the three cases Plaintiff references are no longer pending before this court.  Further, while Plaintiff may indeed suffer from impairments, including diabetes, his filings reveal that he is capable of litigating this case.  If, at any time, he is in need of additional time to submit a filing or oppose a motion filed by Defendants, he is able to file a

---

[1] The two cases cited are Civil Action Nos. 14-2000 and 15-0155.  Both are habeas corpus petitions filed pursuant to 28 U.S.C. § 2254 and both were dismissed for failure to exhaust state court remedies.  See Bennett v. York County Prison, et al., Civ. No. 14-cv-2000 and Bennett v. Commonwealth of Pennsylvania, et al., Civ. No. 15-cv-0155.

6

request for an enlargement of time.  While he also claims that employees at his current prison may be attempting to sabotage this lawsuit, they are not defendants in this action.  Any conduct on their part that Plaintiff wishes to challenge must be done in a separate civil action.  For these reasons, the pending motion will be denied.

      C.      Motions to Amend/Supplement

Defendants have filed motions seeking to dismiss the complaint.  Plaintiff has not filed any opposition to the motions.  Rather, he has submitted several filings that the court will now address.  The first is a document entitled "Additional declaration to Amend Complaint Witnesses."  (Doc. 46.)  It is unclear what purpose this document is intended to serve.  It appears that it may be a listing of individuals that Plaintiff wishes to serve as witnesses in his case.  Because any such filing is premature at this time, the Clerk of Court will be directed to strike this document from the record and return it to Plaintiff.

The next document is submitted on a § 1983 civil rights form and is labeled as "Best Evidence Rule""Leave to Amend Supplement Complaint/Amend Complaint." The caption on the document does not list any of the defendants named in the pending action.  Rather, Plaintiff names two individuals who appear to have served as his defense counsel in his underlying criminal matter, as well as a West York police officer.  (Doc. 49.)  The substance of Plaintiff's filing sounds in habeas in that ineffective assistance of counsel and evidentiary challenges are set forth.  Plaintiff

7

seeks his release from prison.  Such matters are not properly pursued in a civil rights action and must be brought in a properly filed habeas corpus petition.  As such, the Clerk of Court will also be directed to strike this document from the record and return it to Plaintiff.

On February 20, 2015, Plaintiff filed another document labeled as a "Supplement Complaint."  Listed as defendants are Mary Sabol, D.W. Doll and Pat Bennett, R.N.  (Doc. 50.)  In this filing, Plaintiff appears to add more details to those set forth in his original complaint, specifically with respect to the three Defendants listed above.  He also provides more details with respect to his efforts to exhaust his claims.  The court will accept this filing as an amendment to the original complaint.  In light of such, the pending motions to dismiss filed by Defendants will be denied without prejudice to refile following their review of the accepted amendment.

On March 30, 2015, Plaintiff files another document and labels it "Amend and Supplement Complaint Additional Information."  (Doc. 56.)   Because the allegations in this filing deal with conduct occurring at SCI-Frackville, the Clerk of Court will be directed to strike this document from the record and return it to Plaintiff.  If Plaintiff wishes to file a new civil rights action, alleging said claims against the appropriate individuals at SCI-Frackville, he is free to do so.  However, such claims are not appropriately litigated in the above pending matter.  An appropriate order follows.