**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRICE BENNETT,** | : | **CIVIL NO. 3:14-CV-358** |
| | : | |
| **Plaintiff,** | : | **(Judge Kosik)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MARY SABOL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the court on a request to appoint counsel for the plaintiff, a *pro se* litigant. (Doc. 92.) This motion is filed *after* Bennett's complaint has been dismissed for failure to state a claim upon which relief may be granted. Thus we are asked to appoint counsel in a closed case, a lawsuit which was closed due to its lack of merit.

We appreciate the plaintiff's interest in securing court-appointed counsel, but also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997); <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is

1

discretionary and must be made on a case-by-case basis.  Tabron, 6 F.3d at 157-58.

In Parham, the United States Court of Appeals outlined the standards to be considered

by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. §

1915(e)(1).  In passing on such requests we must first:

> "[D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors:  (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf."

Parham v. Johnson, 126 F.3d at 457.

There is yet another practical consideration which must be taken into account

when considering motions for appointment of counsel.  As the United States Court

of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.  We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment.  It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).  Mindful of this consideration it has

2

been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: 'Volunteer lawyer time is a precious commodity.... Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.' Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir.1989)." Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case since Bennett has not met the first benchmark standard we must address, the question of whether the plaintiff's claims against the remaining defendants have arguable legal merit. We have found that the complaint has no merit and have dismissed this lawsuit. Taking this fact into account we also DENY this request to appoint counsel. (Doc. 92.)

SO ORDERED, this 21st day of January 2016.

> *S/Martin C. Carlson*
> Martin C. Carlson
> United States Magistrate Judge